UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------X
UNITED STATES OF AMERICA,

                                                           **Memorandum & Order**

    -against-                                                   05-CR-188 (NGG)

TYRONE HUNTER and ADRIAN PAYNE,

               Defendant.
-----------------------------------------------X
GARAUFIS, United States District Judge.

      Defendants Tyrone Hunter and Adrian Payne are charged with several crimes, including racketeering, racketeering conspiracy, murder, conspiracy to commit murder, narcotics trafficking, and money laundering.

      This M&O addresses the Defendants' motion to compel the Government to comply with its disclosure obligations under Brady v. Maryland, 373 U.S. 83 (1963). For the reasons discussed below, the court finds that an in camera review of the material in question is appropriate and necessary for a determination of what information the defense is entitled to under Brady and its progeny.

**I.    Background**

      The correspondence between the Government and defense counsel to date provide the relevant background information. On May 11, 2005, the Government, pursuant to its Brady obligations, disclosed by letter the names of five witnesses who "may have information helpful to the defense" with respect to two of the murders at issue in this case. Defense counsel, claiming the names of the witnesses alone were insufficient disclosure, requested more

1

information, most notably, explanations of the substance of favorable information the witnesses were thought to have, and any memorialized statements thereof. By letter dated July 1, 2005, the Government responded that it was not obligated under Brady to provide defense counsel with any further information, but "as a courtesy" nonetheless gave the last known addresses of these five witnesses. On August 5, 2005, defense counsel filed a letter motion seeking a court order to compel the Government to fulfill its Brady obligations, alleging that the Government has not provided facts which will enable the defense to make meaningful use of the witness' names. The Government contends that it has no further obligation under Brady.

**II.     Discussion**

As a preliminary matter, the Defendants argue that this case should properly be considered a death penalty case despite the fact that there has not yet been a final determination as to whether the death penalty will be sought. Given that the Defendants currently face a possible sentence of death, this case will be thought of as a death penalty case until there is a determination to the contrary. See United States v, Perez, 222 F.Supp. 2d 164, 169 (D.Conn. 2002). In making pre-trial determinations, I am mindful of the severity of the potential punishment, and I am of the opinion that "the government should err on the side of disclosure when interpreting its *Brady*/*Giglio* obligations given the need for the utmost reliability in capital proceedings." United States v. Karake, 281 F.Supp.2d 302, 306 (D.D.C. 2003).

In Brady v. Maryland, the Supreme Court held that "suppression by the Prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. The Second Circuit, interpreting Brady and its progeny, has

elaborated: "Evidence is not 'supressed' if the defendant either knew, or should have known, of the essential facts permitting him to take advantage of any exculpatory evidence." United States v. LeRoy, 687 F.2d 610, 618 (2d Cir. 1982) (internal citations omitted); see also United States v. Ruggiero, 472 F.2d 599, 604 (2d Cir. 1973). The Circuit Court explained that "[t]he rationale underlying *Brady* is not to supply a defendant with all the evidence in the Government's possession which might conceivably assist the preparation of his defense, but to assure that the defendant will not be denied access to exculpatory evidence only known to the Government." LeRoy, 687 F.2d at 619; see also Ruggiero, 472 F.2d at 604.

In both LeRoy and Ruggerio, the court found no Brady violation because the defendant was on notice of the essential facts permitting him to take advantage of the exculpatory evidence. In Ruggerio, the defendant sought the grand jury testimony of certain witnesses because he believed their testimony corroborated his defense. The grand jury testimony was turned over by the government to the court for an in camera inspection and ruling; the court denied the defendant's request for production upon review of the material. See Ruggerio, 472 F.2d at 603-4. The Second Circuit first found that Brady had not been violated because there had been no suppression of evidence given the in camera production to the court. Id. at 604. Furthermore, the court found no abuse of discretion in the district court judge's denial of disclosure because the defendant "knew the identity and location of [the witnesses] and of the likelihood that they might give testimony helpful to his defense." Id. The court reasoned that the defendant could have simply subpoenaed the witnesses and procured the helpful evidence by putting them on the witness stand at trial. Id. at 604-5.

In LeRoy, the court came to a similar conclusion where the defendant likewise requested

3

the grand jury testimony of certain witnesses. There, the defendant also was on notice of the witness' testimony before the grand jury and had reason to believe that they may have provided information favorable to his defense in that testimony. See LeRoy, 687 F.2d at 618-9. The court, in finding no Brady violation, stated that the defendant was "clearly on notice of the facts necessary for him to take advantage of such exculpatory evidence" and that "the obvious course was to subpoena [the witnesses] and call them to the witness stand." Id. at 619.

The Government contends that it has already fulfilled its obligation under Brady, and relies primarily on LeRoy, Ruggerio, and other cases which similarly involve defendants seeking grand jury testimony. Yet, neither Ruggerio nor LeRoy support the Government's position in the present case. Defendants Payne and Hunter contend that the information provided to them, i.e. the names and last known addresses of witnesses who may be helpful to their defense, is insufficient to enable the defense to take advantage of any exculpatory evidence that may exist. Because these witnesses are neither co-defendants, co-conspirators, nor friends of the defendants, and because no information has been provided about the substance of the information they may hold, the Defendants' investigations of these witnesses have proven fruitless to date.[1]

Ruggerio and LeRoy stand only for the proposition that "[t]he government has no duty actually to turn over grand jury testimony where the defendant knows of the witness' identity; that the witness testified before the grand jury; and that the witness' statements might have supported the defendant's defense." United States v. Grossman, 843 F.2d 78, 85 (2d Cir. 1988)

---

[1] The court has been made aware of the Defendants' efforts to investigate and their lack of ability to do so with the information provided through ex parte letters submitted by defense counsel.

(stating that "*LeRoy* controls this case" and finding no *Brady* violation) (internal quotations omitted). These cases are easily distinguishable from the present case, where it appears that the Defendants have no understanding of who these witnesses are and what information they may have.

The Government also looks to the case of <u>United States v. Frank</u>, 11 F.Supp.2d 322 (S.D.N.Y. 1998), for support; but this case too is of little import with regard to Payne's and Hunter's situation. <u>Frank</u> involved a death eligible defendant who sought disclosure of specific statements made by certain government witnesses. The government directed the defendant's attention to these witnesses in its 3500 material and in several letters which "briefly describe[d] the information they possess[ed] that, under the most liberal construction of *Brady*, may be exculpatory." <u>Frank</u>, 11 F.Supp.2d at 327. The court found no <u>Brady</u> violation given the government's disclosure. Notwithstanding its finding that <u>Brady</u> had not been violated, it granted "in an excess of caution that is appropriate given the gravity of the case . . . [the defendant's] request that the Court conduct an *in camera* examination of those Government reports that have not yet been or will not be produced to the Defendant as part of its pre-trial discovery." <u>Id.</u> at 328.

Again, the facts of <u>Frank</u> provide little support for the Government's position in this case, where the defendants seemingly have no awareness of the substance of the witness' testimony that may be exculpatory. The Government cites dicta in <u>Frank</u> that states: "the Government may fulfill its Brady obligation by directing the defendant's attention to witnesses who may have exculpatory evidence." <u>Id.</u> at 327. This statement still must be read in the broader context of the <u>Brady</u> standard which mandates that the defendant be in a position where he knows or should

5

have known of the *essential facts permitting him to take advantage of any exculpatory evidence*.

### III. Conclusion

I find that the Government has not met the essential facts standard of Brady because defense counsel is not currently in a position to effectively elicit potential exculpatory information from the five witnesses. At this point, considering the enormity of a potential sentence of death for the two Defendants, the court orders an in camera review all information and material, including grand jury testimony of the five witnesses, if it exists, that may be exculpatory. Based on this in camera review, the court will determine what, if any, material must be provided to the defense.

SO ORDERED.

Dated: October 19, 2005            _____/s/_____
      Brooklyn, N.Y.            Nicholas G. Garaufis
                                      United States District Judge