UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------X
UNITED STATES OF AMERICA,

                                                               **Memorandum & Order**
    -against-                                                     05-CR-188 (NGG)

TYRONE HUNTER and ADRIAN PAYNE,

               Defendant.
-----------------------------------------------X
GARAUFIS, United States District Judge.

      Defendants Tyrone Hunter and Adrian Payne are charged with several crimes, including racketeering, racketeering conspiracy, murder, conspiracy to commit murder, narcotics trafficking, and money laundering. By Memorandum & Order ("M&O") dated October 19, 2005, this court held that the Government had failed to make adequate disclosures under United States v. Brady, 373 U.S. 83 (1963).[1] The Government has disclosed to Defendants the names and last known addresses of five witnesses identified as possibly having "information helpful to the defense" with respect to two homicides at issue in this case. In providing defense counsel only with names and addresses, but no disclosure concerning the substantive information these witnesses possess, I found that the Government had not fulfilled its duty under Brady because the Defendants were not in a position where they know or should know of the "essential facts permitting [them] to take advantage of any exculpatory evidence." United States v. LeRoy, 687 F.2d 610, 618 (2d Cir. 1982). Accordingly, and because the Defendants face a possible death sentence if convicted of the crimes charged, I ordered an in camera review of all information and

---

[1] Familiarity with the October 19, 2005 M&O is presumed.

1

material in the Government's possession that may be exculpatory. The Government submitted ex parte the material requested on October 21, 2005. I have conducted an in camera review and now hold that the materials submitted by the Government shall be turned over to Defense counsel in accordance with the Government's obligations set forth in Brady.

To ensure the safety of these potential Brady witnesses, the Brady materials, which consist of several New York Police Department reports as well as handwritten notes of NYPD officers, shall be redacted by the Government prior to disclosure to remove portions of the reports that reflect purely personal information about the witnesses. Once redacted, the Government is directed to provide Defense counsel with these materials.

SO ORDERED.

Dated: November 1, 2005             _____/s/_____
      Brooklyn, N.Y.                             Nicholas G. Garaufis
                                                       United States District Judge