UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
UNITED STATES OF AMERICA,

|  | **Memorandum & Order** |
|---|---|
| -against- | **05-CR-188 (NGG)** |

TYRONE HUNTER and ADRIAN PAYNE,

            Defendants.
--------------------------------------------------------X
GARAUFIS, United States District Judge.


In an ex parte and sealed Memorandum & Order dated March 14, 2006, this court

considered an ex parte motion by the New York City Police Department ("NYPD") and the City

of New York (collectively "the City") to quash, vacate, or in the alternative modify a number of

orders submitted to the court by the Defendants in this matter, signed by the court on August 3,

2005 ("the Orders"), requiring the production of certain NYPD files to the Defendants and

restraining the NYPD from informing any party, including the United States Attorneys Office

("USAO") of the existence of the Orders. At the time I considered the City's motion, Defendants

Adrian Payne and Tyrone Hunter were awaiting word from the United States Attorney General

on whether or not authorization to seek the death penalty would be granted in this case.

Familiarity with the underlying litigation and previous decisions of this court concerning the

City's motion to quash the Orders is presumed.[1]

In the March 14, 2006 M&O, I determined that the Orders were permissible subpoenas

under Rule 17(c) of the Federal Rules of Criminal Procedure to the extent that they sought

---

[1] The underlying motion papers and the March 14, 2006 M&O have been unsealed.

mitigating evidence that would be admissible at the penalty phase of the Defendants' trial, should

there have been such a phase. I was unpersuaded, however, of the need to keep the existence of

the Orders secret from the USAO and accordingly directed the City to turn the Orders and the

files over to the USAO to provide the USAO an opportunity to raise objections to the disclosure

of the documents. Subsequent briefing on the issue from the USAO followed. The City's and

the Government's motions to quash remain pending before this court.

On April 26, 2006, the Government informed the court that it had received notice from

the Attorney General's Office that authorization had been granted <u>not</u> to seek the death penalty

against defendants Payne and Hunter. Thus, the Defendants are no longer facing the death

penalty and there will be no mitigation case presented to the jury in a penalty phase at their trial.

In light of this development, the court's reasoning articulated in the March 14, 2006 M&O is no

longer applicable and the Orders no longer satisfy the requirements of Fed. R. Crim. P. 17(c).

The City's and the Government's motions to quash the subpoenas are therefore granted.

I note also that before the parties were informed of the decision of the Attorney General,

the Government, in compliance with this court's directive, provided to the court copies of the

NYPD files at issue accompanied by an index categorizing the documents as follows: material

already turned over to the defense; 3500/Jencks Act material; and material barred from discovery

by Fed. R. Crim. P. 16(a)(2). Again, prior to the change in the death penalty status of the

Defendants, the court reviewed the files in their entirety <u>in</u> <u>camera</u>. Based on the <u>in</u> <u>camera</u>

review, the court continues to trust that the Government is in and will remain in compliance with

its <u>Brady</u> obligations. As there have been no known violations of <u>Brady</u> on the Government's

part to date in this matter, the court sees no reason to order the Government to comply with

<u>Brady</u> at this time, as it is fully aware of its duty to do so.

Thus, as the Orders are impermissible subpoenas under Rule 17(c), and because the files contain no material that the Government is obliged to turn over to the Defendants at this time, the motions to quash are granted and the NYPD files will not be disclosed to Payne and Hunter.

SO ORDERED.

Dated: May 4, 2006                                    _____/s/_____
       Brooklyn, N.Y.                             Nicholas G. Garaufis
                                         United States District Judge